UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID C. MOWRY, *et al.*, | ) | CASE NO.: 5:19-cv-00627 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolves Docs. 64, 65, 69, 70, 75) |

This matter arises out of a motor vehicle accident between a motorcycle, operated by Plaintiff David C. Mowry ("Mowry"), and a United States Postal Service ("USPS") delivery vehicle, operated by a USPS employee. (Compl. ¶¶ 6-8, ECF No. 1.) Mowry and his wife, Beverly Mowry, (collectively, "Plaintiffs") bring a claim against Defendant United States of America ("United States") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346, for negligence while operating a motor vehicle in violation of R.C. 4511.43(A). (*Id.* at ¶¶ 2, 9, 18, 20.) Currently pending before this Court are various fully briefed motions and position statements. This Court rules as follows.

I. **PLAINTIFFS' REQUEST FOR LEAVE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs allege the United States is liable for its employee's negligence in operating a motor vehicle in violation of R.C. 4511.43(A), which resulted in a motor vehicle accident. (*See* Compl. ¶¶ 2, 6-9, 18, 20, ECF No. 1.) To prevail under Ohio law on a negligence claim, Plaintiffs must prove "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages." *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 29 N.E.3d 921, ¶ 23 (citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984)).

With respect to the first element, the general "common-law duty of care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances." *Mussivand v. David*, 45 Ohio St.3d 314, 318-19, 544 N.E.2d 265 (1989). In short, "[a] person is to exercise that care necessary to avoid injury to others." *Id.* at 319.

In addition to general negligence claims, Ohio law recognizes negligence per se, which involves legislatively imposed duties of care – a "violation of a statutory duty constitutes negligence per se." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 14 (citing *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶¶ 23-25; *Chambers v. St. Mary's Sch.*, 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998) ("Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence per se.")). In effect, "[t]he concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute; no other facts are relevant." *Lang* at ¶ 15 (citing *Chambers* at 565-66). Although Plaintiffs' complaint only generally alleges negligence and not negligence per se, this Court's conclusion applies to both negligence and negligence per se claims.

On October 2, 2019, this Court held a Case Management Conference and determined that dispositive motion practice would only be permitted in this matter upon motion by the parties. (Case Management Conference Plan 1, 3, ECF No. 18.) On December 10, 2020, Plaintiffs filed a motion requesting leave to file a motion for partial summary judgment, arguing the motion for partial summary judgment "will be sought to establish negligence/liability on behalf of the Defendant in this motor vehicle accident" which, in effect, would "limit the issues at trial and

streamline the judicial process. . ..." (Mot. for Leave 1, ECF No. 65.) The United States opposed Plaintiffs' request for leave arguing it is moot given the United States does not dispute that a USPS employee, acting in the course and scope of his employment, was at fault for the motor vehicle accident at issue, which establishes the elements of duty and breach for Plaintiffs' negligence claim, but does not blanketly establish liability upon the United States because Plaintiffs still must prove the causation and damages elements of their claim. (Opp'n to Mot. for Leave 1-2, ECF No. 66.)

It is clear the parties do not dispute that the United States' employee, during the course and scope of his employment, was at fault for the motor vehicle accident at issue in this matter. (*Compare* Compl., ECF No. 1 *with* Opp'n to Mot. for Leave, ECF No. 66.) This agreement establishes that there is no genuine issue of material fact as to the first two elements of Plaintiffs' claim, duty and breach, regardless of whether it is a common law negligence claim carrying the common law duty of care or a negligence per se claim. Because the parties factually agree with respect to the duty and breach elements, motions for summary judgment are unnecessary.

With respect to the causation and damages elements, these are purely factual in nature and, necessarily, must be presented to the trier of fact. For causation specifically, it is clear the parties maintain disagreement, particularly with respect to Mowry's pre-existing conditions and whether they were proximately caused or even negatively affected by the accident. (*See* Opp'n to Mot. for Leave 2, ECF No. 66.) Because genuine issues of material fact remain with respect to the second two elements of Plaintiffs' negligence or negligence per se claim – causation and damages – Plaintiffs' argument that filing a motion for partial summary judgment would "establish negligence/liability" and streamline this matter is incorrect. (Mot. for Leave 1, ECF No. 65.)

Plaintiffs must prove all four elements to "establish negligence/liability," and two of those elements must be presented to the trier of fact.

Because the parties agree there is no genuine issue of material fact as to duty and breach, but disagree with respect to causation and damages, the filing of motions for summary judgment are unnecessary. This matter will proceed to trial on the issues of causation and damages. Accordingly, Plaintiffs' Motion for Leave is DENIED. (Mot. for Leave, ECF No. 65.) In addition, Plaintiffs' Motion for Partial Summary Judgement is DENIED as MOOT. (Mot. for Partial Summ. J., ECF No. 64.)

## II. UNITED STATES' REQUEST TO EXCLUDE DR. MELISSA BICKETT'S TESTIMONY

On January 15, 2021, the United States filed an amended motion in limine requesting this Court exclude testimony from Dr. Melissa Bickett ("Dr. Bickett") which discusses compensating Mowry for medical conditions he had prior to the motor vehicle accident at issue. (Bickett Am. Mot. in Limine 1, ECF No. 70.) Such pre-existing medical conditions include diabetes, high blood pressure, serious kidney issues, hematuria, congestive heart failure, and an enlarged prostate, among other medical issues. (*Id.*) The United States argues that because Dr. Bickett is an orthopedic surgeon who treated Mowry for injuries to his leg caused by the motor vehicle accident, and Plaintiffs have not identified an expert witness qualified to testify regarding the impact of the motor vehicle accident to any of Mowry's pre-existing conditions, Dr. Bickett's testimony should be limited to that of her knowledge and expertise as an orthopedic surgeon and should not include testimony regarding whether the motor vehicle accident at issue negatively affected Mowry's pre-existing conditions. (Br. in Supp. Bickett Am. Mot. in Limine 1, 5-8, ECF No. 70-1.)

In opposition, and without substantively addressing the pre-existing condition issue the United States seeks to address, Plaintiffs argue the United States' request should be overruled because Dr.

Bickett will only be "called to testify regarding her care and treatment of David Mowry" following the motor vehicle accident at issue "and the effect of preexisting conditions on a patient's ability to heal." (Opp'n to Bickett Am. Mot. in Limine 1, 5, ECF No. 72.)

Federal Rule of Evidence 702, provides that a qualified expert witness may provide opinion testimony if:

>   (a)     the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b)     the testimony is based on sufficient facts or data;
>   (c)     the testimony is the product of reliable principles and methods; and
>   (d)     the expert has reliably applied the principles and methods to the facts of the case.

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589 (1993) explains that Fed. R. Evid. 702 "clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." Looking to Fed. R. Evid. 702, "[t]he subject of an expert's testimony must be 'scientific . . . knowledge'" where "'scientific' implies a grounding in the methods and procedures of science" and "'knowledge' connotes more than subjective belief or unsupported speculation." *Id.* at 589-90. Expert witnesses are given "wide latitude to offer opinions, including those that are based on firsthand knowledge or observation," which is provided "on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Id.* at 592. In short, this Court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589.

The parties mainly dispute the scope of Dr. Bickett's knowledge as contemplated by Fed. R. Evid. 702. Because Dr. Bickett is an orthopedic surgeon, the scope of her specialized knowledge and experience of her discipline is limited to the orthopedic treatment she provided Mowry. This does not limit her from discussing how Mowry's pre-existing conditions could have possibly affected his recovery from the orthopedic injuries she treated. However, Mowry's pre-existing

conditions affecting his orthopedic recovery and the motor vehicle accident itself affecting Mowry's pre-existing conditions are not the same issue. Dr. Bickett may not offer testimony regarding the latter. In other words, Dr. Bickett cannot offer speculation as to why Mowry was treated for his pre-existing conditions after the motor vehicle accident or whether the course of treatment for Mowry's pre-existing conditions occurred because of the motor vehicle accident at issue given she did not treat Mowry for these conditions either before or after the motor vehicle accident at issue. This distinction maintains the reliability of Dr. Bickett's expert testimony.

Accordingly, the United States' Amended Motion in Limine excluding specific testimony from Dr. Bickett is GRANTED. (Bickett Am. Mot. in Limine, ECF No. 70.) The United States' original Motion in Limine on this issue is DENIED as MOOT. (Bickett Mot. in Limine, ECF No. 69.)

### III. PLAINTIFFS' REQUEST TO EXCLUDE DR. LAWRENCE BILFIELD'S TESTIMONY

On March 15, 2021 Plaintiffs filed a motion in limine requesting this Court blanketly exclude all testimony of Dr. Lawrence Bilfield ("Dr. Bilfield") in this matter. (Bilfield Mot. in Limine 1, ECF No. 75.) Plaintiffs request this Court preclude the United States from calling Dr. Bilfield as an expert witness at trial arguing the United States has videotaped Dr. Bilfield's direct examination trial testimony and refuses to allow Plaintiffs to cross-examine Dr. Bilfield's trial testimony unless they pay for Dr. Bilfield's time, a requirement which "runs counter to the federal civil rules and law requiring parties to bear their own costs of trial.". (*Id.*) In support of this argument, Plaintiffs classify Dr. Bilfield's first deposition as the one conducted for the purpose of discovery and classify any additional deposition of Dr. Bilfield as trial deposition, rather than a continuation of the discovery deposition, for which Plaintiffs should not have to pay to cross-examine Dr. Bilfield. (*Id.* at 1-3.) In opposition, the United States asks this Court deny Plaintiffs' request because this

dispute simply involves the continuation of Dr. Bilfield's discovery deposition. (Opp'n to Bilfield Mot. in Limine 1-5, ECF No. 80.)

Both parties have confirmed in their submissions to this Court that Plaintiffs deposed Dr. Bilfield for two hours on November 30, 2020 and the United States deposed Dr. Bilfield for two hours on December 21, 2020. (Bilfield Mot. in Limine 1-2, ECF No. 75; Opp'n to Bilfield Mot. in Limine 4, ECF No. 80.) Despite Plaintiffs' insistence that the United States' December 21, 2020 deposition was for the specific purpose of obtaining a trial deposition instead of for the purposes of discovery, Federal Rule of Civil Procedure 32 allows for the use of *any* deposition at trial, under certain circumstances, making it unnecessary to classify either of Dr. Bilfield's depositions as either a "discovery deposition" or "trial deposition."

Plaintiffs are to pay for Dr. Bilfield's time on November 30, 2020 and the United States is to pay for Dr. Bilfield's time on December 21, 2020 in accordance with Federal Rule of Civil Procedure 26(b)(4)(E). Any additional deposition testimony taken of Dr. Bilfield is merely a continuation of his previous depositions and each party shall bear the costs of their time deposing Dr. Bilfield prior to trial. Accordingly, Plaintiffs' Motion in Limine is DENIED. (Bilfield Mot. in Limine, ECF No. 75.)

## IV.  USE OF AN ADVISORY JURY

The parties have submitted position statements regarding whether this Court should empanel an advisory jury for this matter. (Plaintiffs' Position Statement, ECF No. 55; United States' Position Statement, ECF No. 56.) The United States objects to the use of an advisory jury arguing the Federal Torts Claims Act ("FTCA") is a limited waiver of sovereign immunity, with one such limitation being that claims brought under the FTCA "shall be tried by the court without a jury." (United States' Position Statement 1, ECF No. 56.) The United States' argument is that empaneling

an advisory jury would defeat Congress's intent that courts, not juries, hear claims brought under the FTCA, given the fear that juries might look at the United States as a defendant with the deepest pockets. (*Id.* at 3.) Plaintiffs, on the other hand, believe an advisory jury should be empaneled to "assist the Court in determining damages and ensure that David Mowry is fully and fairly compensated for his injuries." (Plaintiffs' Position Statement 1, ECF No. 55.) Plaintiffs argue that Mowry did not get to choose his defendant and the associated inability to present his case to a jury. (*Id.*)

Although the Sixth Circuit Court of Appeals has not provided guidance regarding advisory juries empaneled for FTCA claims, and this Court is afforded the discretion to "try any issue with an advisory jury" pursuant to Federal Rule of Civil Procedure 39(c)(1), this Court believes that utilizing an advisory jury for the issues of causation and damages in this matter would like "create[] more problems than it solves." *In re Air Crash Disaster at Metropolitan Airport Detroit*, 619 F. Supp. 13, 17 (E.D. Mich. 1984). If the advisory jury's opinion is the same as this Court's, it would not be useful, but if the advisory jury's opinion is different from this Court's, it would be difficult to give it effect. *See id.*

In this Court's opinion, the most instructive case on this specific issue for this specific case is *Carter v. United States*, Case No. 08-4145, 2009 U.S. Dist. LEXIS 57675 (D. Ks. July 7, 2009). *Carter*, like the current matter, involved an FTCA claim for injuries and damages following an motor vehicle accident with a USPS employee. *Id.* at *1. While the *Carter* court agreed that Federal Rule of Civil Procedure 39(c) "permits a court in its discretion, to empanel an advisory jury in any action not triable of right by a jury" and also acknowledged that any advisory jury finding is solely advisory and nonbinding, it ultimately opted not to empanel an advisory jury. *Id.* at *2-5. Because the claims in *Carter* were only against the United States, meaning no jury was already trying non-

federal defendants, and the court would be required to make finding of fact and conclusions of law *de novo* even if an advisory jury were empaneled, the court determined that empaneling an advisory jury would not be helpful. *Id.* at *3-5.

This Court agrees with the sound reasoning provided in *Carter*. Because there are no individual defendants on trial in this matter requiring the empaneling of a jury, and this Court is required to make *de novo* findings of fact and conclusions of law outside the opinions of an advisory jury, empaneling an advisory jury in this matter would be of little assistance to this Court. This Court will hold trial in this matter without an advisory jury as directed by the FTCA.

## V. CONCLUSION

For the foregoing reasons, this Court will not entertain motions for summary judgment in this matter. Therefore, Plaintiffs' Motion for Leave to file a partial motion for summary judgment is DENIED. (Mot. for Leave, ECF No. 65.) Given this decision, Plaintiffs' currently pending Motion for Partial Summary Judgement is DENIED as MOOT. (Mot. for Partial Summ. J., ECF No. 64.)

With respect to the currently pending motions in limine, Dr. Bickett's testimony will be limited to that of her specialized knowledge and the experience of her discipline as an orthopedic surgeon and any speculative testimony regarding the motor vehicle accident's effect on Mowry's pre-existing conditions will not be permitted. Accordingly, the United States' Amended Motion in Limine excluding specific testimony from Dr. Bickett is GRANTED. (Bickett Am. Mot. in Limine, ECF No. 70.) The United States' original Motion in Limine on this issue is DENIED as MOOT. (Bickett Mot. in Limine, ECF No. 69.) Furthermore, each party shall bear their own costs deposing Dr. Bilfield prior to trial and the United States is not precluded from calling Dr. Bilfield at trial. Accordingly, Plaintiffs' Motion in Limine is DENIED. (Bilfield Mot. in Limine, ECF No. 75.)

Finally, this Court shall not utilize an advisory jury at the trial of this matter.

IT IS SO ORDERED.

DATE: May 10, 2021 /s/ John R. Adams  
Judge John R. Adams  
UNITED STATES DISTRICT COURT